# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MEDICAL CAPITAL HOLDINGS, INC., a Nevada Corporation, | Case No.: 2:04-CV-01102-LRH |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| CLAY MEDICAL SERVICES INCORPORATED, *et al.*, | |
| Defendants. | |

On November 3, 2021, Minute Order (ECF No. 37) gave notice to the Plaintiff that the Court intended to dismiss this action for want of prosecution pursuant to Local Rule 41-1 if no action was taken by November 30, 2021. Plaintiff has failed to comply with the minute order within the allotted time.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th

Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-

33; *Henderson*, 779 F.2d at 1424.  The Court's minute order (ECF No. 37) expressly stated: "If no action is taken in this case by November 30, 2021, the Court shall enter an order of dismissal for want of prosecution."  Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order and has failed to show good cause why this action should not be dismissed for want of prosecution pursuant to Local Rule 41-1.

IT IS THEREFORE ORDERED that this action is DISMISSED for want of prosecution pursuant to Local Rule 41-1.  The Clerk of the Court shall close this case.

DATED:  December 2, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE